January, 1858.

---

# SUPREME COURT—IN CHANCERY.

SUSAN REYNOLDS *vs.* JNO. E. BARNARD, E. O. HALL AND J. W. MARSH.—BILL IN EQUITY.

The wife of a lunatic agreed to release her right of dower in the entire real estate of her husband, upon receiving a fee simple of certain premises in Honolulu; but afterwards applied to the Court that the said property be put into the hands of Trustees for the benefit of herself and children. Subsequently she filed a petition praying that the fee simple might be awarded to her alone.

The Court decreed her a life estate only in the premises, and the remainder to the children.

Decision of Chief Justice ALLEN.

The bill alleges that Stephen Reynolds, the husband of the complainant, was declared a lunatic on the 15th of August, 1855;

And that Messrs. Bates and Pitman were appointed a Committee to take charge of his person and estate on the 16th of August, 1855;

And that the complainant was induced to release her right of dower on the entire real estate of said Reynolds, upon receiving $8,000 in cash or the fee simple of the "White Swan premises";

That on the 13th of March, 1856, said committee obtained an order of this Court to convey said premises to said Susan Reynolds in fee simple, or to whomsoever she should name.

That on the blank day of March, 1856, the letter addressed to Judge Lee was presented to Susan for signature, to which she objected because it contained the names of the four children, and a request to Judge Lee to convey the premises to her and her children, that she *utterly refused and never did sign it.*

That on the 21st of March, 1856, complainant was presented by J. W. Marsh with a release of her contingent right of dower to the estate of her husband, the consideration for which was that a conveyance had been or was to be made of the "White Swan" to her and her four children, to be executed by said committee to trustees for their use.

The petitioner objected to sign it while the names of the children remained in it; that Mr. Marsh said it was a mere matter of form, and that said committee would execute to her a fee simple title in her own right as soon as she signed said release and not before, and that relying upon the statements of said Marsh she did sign the release.

That when Mr. Cooper came to get her acknowledgment she asked him if the children's names being in the deed would affect her interest and he said he thought not, and that upon their statements she then acknowledged her signature.

That about the same time a deed was executed by said committee to the defendants in trust, for said complainant and the children, subject to declaration of trust to be by said trustees and said complainant duly signed.

That complainant was never consulted about this deed, and that it does not convey to complainant the fee simple property in accordance with the agreement between complainant and said committee.

That said declaration of trust was presented to complainant for signature, and she utterly refused to execute it. Com-

plainant concludes with a prayer that said trustees be ordered by the Court to execute to said Susan Reynolds, a fee simple title to the " White Swan," in accordance with the order of the Court now on file, as being payment in full for her release of her contingent right of dower, and that all the rents and profits of said property, from and after the 15th of August, 1855, until the hearing of this cause, be accounted for, and for further and other relief, etc.

Respondents Hall and Barnard deny all knowledge of the proceeding set forth in the bill, except that they were requested to allow their names to be inserted in the deed of trust.

Respondent Marsh admits that Stephen Reynolds was declared a lunatic on or about the 15th of August, 1855, and that Pitman and Bates were appointed a committee to take charge of his estate and person.

That he was employed as the attorney of Mrs. Reynolds (associated with Mr. Harris) for the purpose of negotiating the terms on which she would release her right of dower.

That complainant instructed us to insist on the large price for her dower on account of her children, and to have the same secured to her and her children. That the bargain was made and the deed executed in pursuance of said bargain, and that the deed is in exact conformity with the direction and assent of complainant.

That the letter referred to as being directed to the Chief Justice, was signed voluntarily by complainant, and said letter did express, at that time, the full and unequivocal wishes of complainant as expressed by her to respondent; and that it is *absolutely untrue* that she objected to signing said letter on the ground that it directed the conveyance to be made to herself and children jointly, or that she objected to signing it on any grounds whatever.

That said letter was written by order of said complainant agreeably with her wishes.

That complainant *signed said letter* in presence of respondent having fully comprehended its contents and approved thereof.

That respondent has prepared a declaration of trust for complainant to sign which complainant refused to sign.

Traverses the allegation that the trustees have attempted to *force* any stipulations or covenants upon complainant.

Prays the order of the Court in regard to the partition of the receipts, rents and profits arising from said property, which he should set apart for and pay over to said Susan Reynolds.

Denies that complainant directed respondent to obtain for her a *fee simple* title to the " White Swan " premises, but on the contrary, that she did repeatedly instruct defendant to have the papers so drawn that the property should, on her death, pass to the children.

Denies ever having told complainant that the children's names being in the letter, release and deed was a mere matter of form and would not affect her having a fee simple title.

It was regarded as very important for the sale of Mr. Reynold's estate that the widow's right of dower should be extinguished, and in pursuance thereof the committee referred to in the bill made application to the Court setting forth the great importance of extinguishing the right of dower and offered to convey to the widow, the present complainant, the " White Swan " premises in fee simple as a consideration therefor. Whereupon an order was made giving authority to the committee to convey said " White Swan premises " to said Susan Reynolds in fee simple, or to whomsoever she should name.

That subsequently Chief Justice Lee received a letter signed Susan, wife of Stephen Reynolds, in which she writes as follows :

" Whereas, I have been informed that you have appointed a committee respecting the estate of my husband, Stephen Reynolds ; that they are to give me, or to such persons as I may choose, a piece of land at the corner of Nuuanu and King streets, which is known as the " White Swan Hotel premises," as my portion out of the estate of my husband : Therefore, I consent to such division as proper, and make no objection. Besides this, I desire that the said land be given to me and to the four children of me and my husband. Their names are as follows : Edward Jackson Reynolds, a son ; Evelina Reynolds, a daughter; Harriet Reynolds, a daughter ; and the married daughter, Matilda E. Wilmath ; let this property, however, be put into the hands of such as will take care of it for me and the

children. The following are the names of the persons I would nominate, viz : John E. Barnard, Edwin O. Hall, and James W. Marsh. They will oversee, improve and dispose of said place and divide the proceeds according to the agreement which they are to cause to be written as has been agreed to us (I and the children) this day.

"This is the sum of what I have to request of you.

"With respect, etc.,

(Signed,)                                  "SUSAN,

"Wife of Stephen Reynolds.

"Honolulu, March, A. D. 1856."

Whereupon a deed was executed by the committee to said respondents, in which they demised, released and for ever quit claimed to them, in trust and confidence for Susan Reynolds, and the children of herself and Stephen Reynolds, named Edward Jackson, Evelina, Harriet, and Matilda E., subject to the declaration of trust, to be by the said Trustees and the said Susan Reynolds hereafter duly signed and executed, but which has not been done, as the parties have been unable to agree upon the terms of the trust. The said Susan made a release of dower in all other portions of the real estate owned by the said Stephen Reynolds.

It appears that the complainant denies having signed the foregoing letter, but I am satisfied, from the evidence, that she did sign it, at the time she signed the deed releasing her dower. She was, evidently, very much embarrassed to decide on the course best for herself and her children, and she, doubtless, has not the clearest recollection about the transaction.

At the time the deed was executed, it is in evidence by Mr. Jarrett, the witness to her signature, that she demurred very much to signing it, especially if the names of the children were to be in the conveyance of the "White Swan" premises to her, but being advised to sign it she did so.

It appears further, that when the Register of Conveyances called on her for her acknowledgment of the deed of release of her dower, that she stated that the property (meaning the "White Swan" premises) was to be hers for life, and after her death to go to her children.

It appears that she connected in her mind during all the

negotiation the ultimate right of the children to the property, but still nothing definite was done in relation to a declaration of trust as contemplated by the deed and by her letter.

To have her rights in this property clearly defined she has filed this complaint, praying that a fee simple to the " White Swan " premises may be awarded her.   At one time she had a right to insist on this, at the time the order of the Court was made authorizing the committee to convey the " White Swan " premises to her, but she thought proper to request the conveyance to be made to herself and children as before stated, and which was so made, subject to a declaration of trust, which was so declared in the deed from the committee.

There is always a liability to misunderstand negotiations between foreigners and natives, on account of the want of knowledge of the language by both parties, in which they interchange their views.   So far as I am able to judge of the intentions of Mrs. Reynolds from her letter, and from her refusal to sign that letter during repeated meetings for that purpose, and from the testimony, if the names of the children were to be in the deed, she expected the benefit of the property while she lived, and I think, in justice, she is entitled to the entire rents and profits during her life of the " White Swan " premises from the date of the deed of the committee to her, after deducting the necessary expenditures for repairs and commissions to trustees for taking charge of the same. This seems to me to embody the true spirit of the declaration of trust, as contemplated by the parties, and a decree will be made in accordance with the foregoing opinion.

The Court, entertaining the opinion that the complainant is entitled to the rents and profits during her life only, and not to a fee simple, deem it imperative for the rights of the children as named in the deed, they being entitled to the remainder, that the trustees should continue to discharge the duty imposed upon them, to take charge of the estate, to keep the same in good condition for rent, and after deducting reasonable commissions, to pay the balance to the complainant or her order.   Costs to be paid by respondents.

Mr. Hinton for complainant.

Messrs. Harris and Marsh for respondents.